McKinney, J.,
delivered the opinion of the court.
The complainant was sued in the circuit court of Warren, as the surety of Josiah Spurlock, upon a note executed by them to the defendant. Before making defence to the suit at *290 law, he filed this bill for a discovery, and also for relief against the payment of usurious interest embraced in said note. He alleges that the debt, in its origin, was only $80 00, and that by successive renewals of the note at an exorbitant rate of interest, it had been increased greatly beyond the amount of principal and legal interest. The defendant is specially called upon to discover and state, among other things, the “ original amount of the debt.”
The defendant in his answer, denies that the original amount of the debt was only $80 00, but distinctly states, that it was $125. He does not deny that the note is, in part, made up of illegal interest, but fails to specify the amount.
The deposition of Josiah Spurlock was taken, on behalf of complainant, who proves that the debt at the time of its creation, in 1838, was $84. This deposition, though copied in the record, appears to have been rejected and ordered to be taken off the file; and to this order no exception was taken, nor was the deposition in any way made part of the record.
The only other testimony in the cause in support of the bill, is the deposition of Jas. A. Spurlock, who proves that he saw the note, he thinks in 1841, and that it was for about $84, or $87, he is not certain which, and that it was then renewed, including interest at the rate of twelve per cent.
The Chancellor assumed that the original amount of the debt was $125, and ordered an account as to the excess over legal interest upon that sum. From the master’s report it appeared that, assuming the debt to be $125, the usury amounted to less than fifty dollars, and upon that ground, the Chancellor dismissed the bill and rendered a decree against the complainant and his surety in the injunction bond for $245 49.
1. We do not think the Chancellor erred in holding that the answer of the defendant, as to the original amount of the debt, was not disproved by the single witness, James A. Spur-lock. There the bill was sworn to, but the allegation, to *291 which this part of the answer was a response, was made not upon the personal knowledge of the defendant, but merely upon information and belief. In respect to this matter, the defendant was specially interrogated, and his answer being direct and positive, was evidence for him, and could not be overcome by the opposing testimony of one witness.
2. As respects the deposition of Josiah Spurlock, without intimating an opinion as to the competency of the witness— it is enough to say, that his deposition, not having been made part of the record, by a bill of exceptions or order of the court, is not before us, and, therefore, no question’can be raised upon it. Perry vs. Pearson, 1 Hum. 431.
3. In dismissing the bill, because the amount of usurious interest was less than fifty dollars, we think the Chancellor erred.
The statute (1801, ch. 6, sec. 1,) declares that the chancery court “ shall not have jurisdiction of any debt or demand of less value than fifty dollars.”
It certainly was not intended by this provision of the statute, to leave the question of jurisdiction suspended in any degree upon the result of the particular case. It has reference not to the amount ascertained to be due to the complainant on the final hearing, but to the amount of the “debt or demand ” constituting the foundation of the suit. If this, from the face of the bill, be less than fifty dollars, the Chancellor may and ought to dismiss the suit; in such case, there is no necessity for a plea, owing to the want of jurisdiction. But, if the “ debt or demand ” set forth in the bill exceed fifty dollars, the court, prima facie, has jurisdiction, and if the defendant, without exception, submit to answer, thereby tacitly admitting the jurisdiction, he cannot on the hearing, resist a decree on the mere ground that the sum found in favor of the complainant is less than fifty dollars. So, if, upon an account being taken between the parties, it results that the complain *292 ant’s demand is reduced below fifty dollars, by payment, or opposing demands, on the part of the defendant, or, if upon an adjustment of the conflicting rights and equities of the parties, the balance found in favor of complainant should turn out to be less than fifty dollars, no objection can be made to a decree in his favor, upon this grouud, as held at the last term at Knoxville, in Walker vs. Kincaid.
This case does not raise the question whether, if from the face of the bill, it appears that the amount of usury against which relief is sought, be less than fifty dollars, (the debt or loan upon which it was resumed being an amount within the jurisdiction,) the court might not interfere to grant relief in such case.
The simple question here is, whether in a case where from the allegations of the bill, and most probably from the true state of the facts, usury to an amount beyond fifty dollars was resumed; but from a failure of proof, the complainant on the hearing, succeeded in establishing his right to relief to an amount under fifty dollars, he can be repelled upon the ground of want of jurisdiction to render a decree in his favor.
This question, we think, is too clear to admit of discussion,
The decree will be reversed.